**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

LOYDALE KIRVEN,

       Plaintiff,

v.                                                                         No. CIV-08-0187 WJ/RLP

WARDEN ROMERO,
WESTERN NEW MEXICO CORRECTIONAL FACILITY,
AND DEPUTY WARDEN ET AL,
IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY,

       Defendants.

MEMORANDUM OPINION AND ORDER

       This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, certain of Plaintiff's claims will be dismissed.

       The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, ---, 127 S. Ct. 1955, 1974 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the

same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff slipped and fell while working in the facility's kitchen. He was taken to the hospital for treatment of his injuries. According to the complaint, when Plaintiff returned to the facility, a nurse refused to administer the pain medication that the hospital doctor ordered. The complaint does not specify the relief that Plaintiff seeks.

Plaintiff's assertion that Defendants are liable for his injuries does not support a § 1983 claim. As the Court of Appeals for the Tenth Circuit has stated, "Federal courts from other circuits have therefore consistently held that slippery prison floors do not violate the Eighth Amendment. . . . . [unless the] case presents sufficiently special or unique circumstances." *Reynolds v. Powell*, 370 F.3d 1028, 1031-32 (10th Cir. 2004). No special circumstances are alleged in the complaint, and the Court will dismiss this claim against Defendants for Plaintiff's injuries.

Plaintiff makes no factual allegations of denial of medical treatment against the named Defendants. The complaint thus fails to affirmatively link Defendants to the asserted violation. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by Defendants in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official. *See id.* Furthermore, Plaintiff does not identify the nurse who allegedly refused to follow the doctor's orders. The Court will dismiss Plaintiff's claim against the named Defendants for denial of medical treatment.

Plaintiff will be allowed to supplement his filings to identify the individual allegedly

responsible for denying him adequate medical treatment. Failure to comply with this Order may result in dismissal of the complaint.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendants Romero, Western New Mexico Correctional Facility, and Deputy Warden are DISMISSED with prejudice; and Defendants Romero, Western New Mexico Correctional Facility, and Deputy Warden are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that, within fourteen (14) days from entry of this Order, Plaintiff may file a response or an amended complaint identifying the individual allegedly responsible for denying him adequate medical treatment.

_____
UNITED STATES DISTRICT JUDGE