IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LOYDALE KIRVEN,

    Plaintiff,

v.                                                                     Civ. No. 08cv187 WJ/RLP

DR. HORNEY,

    Defendant.

MAGISTRATE JUDGE'S REPORT & RECOMMENDATION[1]

    1.    This is a proceeding brought pursuant to 42 U.S.C. § 1983.  Plaintiff initially brought his claims against the Warden and Deputy Warden of the Western New Mexico Correctional Facility in their individual and official capacities.  The district court dismissed those parties on September 9, 2008 [Doc. 18] and allowed Plaintiff to submit an amended complaint against the individuals he claimed denied him medical care.  The Amended Complaint [Doc. 20] was filed against Dr. Horney, who is employed by the Correctional Medical Services, the contract provider for medical services to the Western New Mexico Correctional Facility.

    2.    On February 12, 2008 Plaintiff slipped and fell in the facility where he was incarcerated.  Medical staff responded and he was transported to the local hospital where he was evaluated and treated.  The X-rays were negative and Plaintiff was given a sling for his arm and prescribed non-narcotic medication for pain.  *See Martinez* Report [Doc.

---

[1] Within ten (10) days after a party is served with a copy of the Magistrate Judge's Report and Recommendation that party may, pursuant to 28 U.S.C. § 636 (b)(1) , file written objections in the United States District Court to the Report and Recommendation.  A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Report and Recommendation.  If no objections are filed, no appellate review will be allowed.

39, Exhibits A-E.  Prior to this slip and fall, Plaintiff had frequently sought stronger medication for back pain. *Id.* at Exhibits F-I.  Over the next few weeks and months, Plaintiff complained of various aches and pains and asked for narcotic pain medication, which was refused. *Id.* at Exhibits J-EE.

      3. Plaintiff alleges that prison medical staff was deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights.  To prevail on his Eighth Amendment claim, Plaintiff must prove two elements: (1) objectively, that his medical needs are sufficiently serious; and (2) subjectively, the prison officials acted with a sufficiently culpable state of mind.  *Self v. Crum*, 439 F.3d 1227, 1230-31 (10th Cir. 2006).

      4. A medical need is sufficiently serious if it is diagnosed by a physician, or so obvious that even a lay person would recognize the need for medical attention.  *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999).  A prison official has a sufficiently culpable state of mind if the official "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

      5. Assuming, *arguendo*, that Plaintiff's medical needs were serious, a review of the record fails to reveal that prison medical staff knew of and disregarded a risk to Plaintiff's health or safety.  Instead, the record indicates that Plaintiff disagreed with the pain medication he was prescribed and bases his Eighth Amendment claim on medical staff's failure to prescribe narcotic medication.  A disagreement about the care given, including medication, is not grounds for an Eighth Amendment violation. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir.1993).

6. Finally, the Court notes that Plaintiff has failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act, 42 U.S.C. § 1997(e)(a). Defendant asserts that Plaintiff only filed one grievance regarding his medical care after the February 12, 2008 incident. He failed to appeal the denial of his grievance and therefore failed to exhaust his administrative remedies. *See Martinez* Report, Exhibit GG & Exhibit 1 thereto.

7. In response to the *Martinez* Report Plaintiff filed two Motions for Summary Judgment, indicating that the failure to give him the pain medication he requested constitutions an Eighth Amendment violation. *See* Doc. 42 & 44. Based on the foregoing law, Plaintiff's Motions should be denied. Plaintiff also failed to address his failure to exhaust in his responses to the *Martinez* Report. I recommend that this case be dismissed with prejudice.

## RECOMMENDED DISPOSITION

I recommend that Plaintiff's Motions for Summary Judgment [Doc. 42 & 44] be denied and I further recommend that this case be dismissed with prejudice.

Richard L. Puglisi
United States Magistrate Judge

3